FILED

96 DEC -2 PM 12:06

BY _____ DEPUTY
HENN CO. DISTRICT
COURT ADMINISTRATOR

```
 1   STATE OF MINNESOTA                              DISTRICT COURT

 2   COUNTY OF HENNEPIN                     FOURTH JUDICIAL DISTRICT

 3   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

 4   State of Minnesota,        )        GUILTY PLEA
                                )
 5                  Plaintiff,  ) CONT SUB CRIME THIRD DEG - SALE
                                ) D.C. FILE NO. 95047202
 6          -vs-                ) C.A. FILE NO. 95-2737
                                )
 7   William Gordon Alsaker,    )
                                )
 8                  Defendant.  )

 9   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

10                   The above-entitled matter came duly on for

11   hearing before the Honorable Patrick W. Fitzgerald, one of

12   the Judges of the above-named Court, on Thursday, April 25,

13   1996, at approximately 10:45 a.m., at C-1753 Hennepin County

14   Government Center, Minneapolis, Minnesota.

15                   APPEARANCES:

16                   MR. DAVID OLSON, Assistant Hennepin County

17   Attorney, represented the State of Minnesota.

18                   MR. JOEL SUTCLIFFE, Assistant Hennepin County

19   Public Defender, represented the defendant.

20                   Mr. C.J. Schoenwetter, Clerk.

21                   LINDA K. RENNER, Court Reporter.

22                   THE DEFENDANT was also present.

23                   *   *   *   *   *

24

25
```

1              (WHEREUPON, the following proceedings were

2     duly had:)

3              THE COURT:  Call the first matter, please.

4              THE CLERK:  State of Minnesota versus William

5     Gordon Alsaker, SIP number 516738, court number

6     95047202.

7              THE COURT:  Counsel, state their names for

8     the record, indicating the party they're representing,

9     commencing with the prosecuting attorney.

10             MR. OLSON:  David Olson, Assistant Hennepin

11    County Attorney, appearing for the State, Your Honor.

12             MR. SUTCLIFFE:  Joel Sutcliffe appearing with

13    the defendant, William Alsaker, who's also present in

14    court, Your Honor.

15             THE COURT:  The State ready to proceed?

16             MR. OLSON:  We are, Your Honor.

17             THE COURT:  You may do so.

18             MR. OLSON:  Your Honor, the defendant in this

19    case is charged in Count 1 of the Complaint with

20    Controlled Substance Crime in the Second Degree for

21    sale of LSD and in Count 2 of the Complaint with Sale

22    of a Simulated Controlled Substance.  This matter is

23    scheduled for trial today.  However, I understand that

24    we have reached a negotiated settlement of the case.

25    Under that negotiation, the State will permit the

1   defendant to plead guilty under Count 1 of the

2   Complaint.   Under Rule 15.07 of the Rules of Criminal

3   Procedure, he will plead guilty to the lesser-included

4   offense of Controlled Substance Crime in the Third

5   Degree.

6            We are further --

7            THE COURT:   Sale or Possession?

8            MR. OLSON:   Sale.

9            We have further agreed, Your Honor, that he

10   will receive a stay of execution of the -- the sentence

11   and probation.   As we discussed, the defendant would

12   serve no additional workhouse time.   I think

13   technically we would regard that as him receiving a

14   sentence of six months in the Adult Corrections

15   Facility with credit for the six months that he has

16   already served.

17            THE COURT:   Is that your understanding of the

18   negotiations in this matter, Mr. Sutcliffe, on behalf

19   of your client?

20            MR. SUTCLIFFE:   It is, Your Honor.

21            THE COURT:   Arraign the defendant, if you

22   would, please, on the criminal charge felony Controlled

23   Substance Third Degree - Sale.

24            THE CLERK:   William Gordon Alsaker, you've

25   been charged with Sale of Controlled Substance in the

1        Third Degree on 5/18/95.  How do you plead to that

2        charge?

3                    THE DEFENDANT:  Guilty.

4                    THE COURT:  Put him under oath (indicating to

5        the clerk).  Raise your right hand, sir.

6                    WILLIAM GORDON ALSAKER,

7    the defendant herein, being first duly sworn, was examined

8    and testified as follows:

9                    THE COURT:  Very well.  Proceed, Mr.

10        Sutcliffe.

11                    MR. SUTCLIFFE:  Your Honor, do you want him

12        in the witness stand or --

13                    THE COURT:  Fine.

14                    MR. SUTCLIFFE:  Why don't you have a seat

15        (indicating)?

16                    THE COURT:  Shut the door, C.J.

17                    THE CLERK:  (Complying).

18                    THE COURT:  Proceed.

19                    MR. SUTCLIFFE:  Thank you, Your Honor.

20                        EXAMINATION

21    BY MR. SUTCLIFFE:

22    Q    Mr. Alsaker, I'm showing you a form that is entitled

23        Petition to Enter Plea of Guilty.  Do you recognize

24        this document, sir?

25    A    Yes.

| | | |
|---|---|---|
| 1 | Q | And did you and I go over this document before court |
| 2 | | convened this morning? |
| 3 | A | Yes, we did. |
| 4 | Q | And did you affix your signature to each of the four |
| 5 | | pages at the bottom (indicating)? |
| 6 | A | Yes. |
| 7 | Q | And did you read it and did I read from it to you? |
| 8 | A | Yes. |
| 9 | Q | And you understand that by entering this Petition and |
| 10 | | this plea that you're waiving the rights that are |
| 11 | | asserted in here that you have? |
| 12 | A | Yes, I do. |
| 13 | Q | All right.  Specifically, you understand you're waiving |
| 14 | | your right to a jury trial before 12 people? |
| 15 | A | Yes. |
| 16 | Q | Do you understand that at that trial, if you had one, |
| 17 | | you would be presumed innocent until the State proved |
| 18 | | your guilt beyond a reasonable doubt if it could meet |
| 19 | | that burden? |
| 20 | A | Yes. |
| 21 | Q | You understand that if you had a trial, you would be -- |
| 22 | | the jury would have to be unanimous in order to return |
| 23 | | a verdict? |
| 24 | A | Yes. |
| 25 | Q | Do you understand that if you had a trial, you'd be |

| | | |
|---|---|---|
| 1 | | able to confront and cross-examine the witnesses |
| 2 | | against you? |
| 3 | A | Yes. |
| 4 | Q | Do you understand that you would be able to call |
| 5 | | witnesses to testify for you? |
| 6 | A | Yes, I do. |
| 7 | Q | Do you understand that you would be able to testify or |
| 8 | | remain silent at that trial and if you did remain |
| 9 | | silent, nobody could assume or presume your guilt |
| 10 | | because of that silence? |
| 11 | A | Yes. |
| 12 | Q | Okay.  Do you understand the plea negotiation as Mr. |
| 13 | | Olson told the Judge? |
| 14 | A | Yes, I do. |
| 15 | Q | Okay.  Do you understand that you're pleading guilty to |
| 16 | | Sale of Controlled Substance in the Third Degree? |
| 17 | A | (No response). |
| 18 | Q | And in your case, you and I have talked about what |
| 19 | | constitutes sale and that means delivery, handing over, |
| 20 | | giving, bartering, that kind of thing, is that correct? |
| 21 | A | Yes. |
| 22 | Q | And in this case that's what you're pleading to and you |
| 23 | | understand that? |
| 24 | A | Yes, I do. |
| 25 | Q | Okay.  Do you have any questions about this document at |

```
 1        all, sir?
 2   A    No.
 3   Q    Do you have any questions of the Judge, Mr. Olson or
 4        myself about your rights?
 5   A    No, sir.
 6             MR. SUTCLIFFE:  Offer the Petition, Your
 7        Honor.
 8             THE COURT:  Any objection?
 9             MR. OLSON:  None, Your Honor.
10             THE COURT:  File it with the clerk, please.
11             MR. SUTCLIFFE:  (Complying).
12             THE COURT:  Now the factual basis for the
13        plea.
14             MR. SUTCLIFFE:  Yes, Your Honor.
15   BY MR. SUTCLIFFE:
16   Q    Mr. Alsaker, on May 18th of 1995 were you in the City
17        of Minneapolis, Hennepin County, Minnesota?
18   A    Yes, I was.
19   Q    And were you staying with someone over on 3rd Avenue
20        South at that time?
21   A    Yes, I was residing there at that time.
22   Q    Okay.  That was for a brief period of time, is that
23        correct?
24   A    Yes.
25   Q    And you got involved with a person by the name of Billy
```

| | | |
|---|---|---|
| 1 | | Joe Carl Willingham, is that correct? |
| 2 | A | Yes, sir. |
| 3 | Q | And on that date, May 18th, you and he met with a |
| 4 | | person at the Standard gas station on 3rd and Franklin, |
| 5 | | is that correct? |
| 6 | A | Yes. |
| 7 | Q | That person turned out to be an undercover narcotics |
| 8 | | officer, is that right? |
| 9 | A | Yup. |
| 10 | Q | A Mr. Leboe, who is actually Mr. Willingham who |
| 11 | | identified himself as Mr. Leboe at that time, made an |
| 12 | | arrangement with that officer to purchase some LSD, is |
| 13 | | that correct? |
| 14 | A | Yes. |
| 15 | Q | And you later delivered that purported LSD, is that |
| 16 | | right? |
| 17 | A | Yes. |
| 18 | Q | Do you believe you should have known that it was LSD? |
| 19 | A | Yes. |
| 20 | Q | And you brought that to that person later that day? |
| 21 | A | Ah -- |
| 22 | Q | What happened? |
| 23 | A | Yeah, it was shortly after Mr. Leboe had talked to him |
| 24 | | and went back to the house.  And shortly after that, |
| 25 | | like 20 minutes after, I was supposed to go meet the |

| 1 | | guy at the Amoco station again.  I went down there and |
|---|---|---|
| 2 | | I dropped it off. |
| 3 | Q | Mr. Leboe is Billy Joe Carl Willingham? |
| 4 | A | Yes. |
| 5 | Q | And he gave you the LSD to -- it was a piece of paper, |
| 6 | | right? |
| 7 | A | Right. |
| 8 | Q | And it contained LSD, is that right? |
| 9 | A | Yes, that's what I'm understanding. |
| 10 | Q | Okay.  You have no reason to quarrel with the |
| 11 | | scientific evidence that says it was LSD? |
| 12 | A | No. |
| 13 | Q | All right.  And that was -- that would have been more |
| 14 | | -- that would have been at least ten dosages of LSD, |
| 15 | | wouldn't it? |
| 16 | A | Yes. |
| 17 | | MR. SUTCLIFFE:  Okay.  I have nothing |
| 18 | | further, Your Honor. |
| 19 | | THE COURT:  The State satisfied with the |
| 20 | | factual basis for the plea? |
| 21 | | MR. OLSON:  I am, Your Honor.  I would like |
| 22 | | to call the Court's attention to one misstatement that |
| 23 | | I made to the Court in chambers regarding the amount of |
| 24 | | money that was involved. |
| 25 | | THE COURT:  Please. |

1          MR. OLSON:   I understand that on this sale to

2    which he is pleading that the undercover officer paid

3    $50 not 300.   The $300 figure that I gave the Court in

4    chambers was from a different transaction.

5          THE COURT:   Are you requesting any

6    restitution relative to this matter?

7          MR. OLSON:   We would, Your Honor.

8          THE COURT:   Very well.   But over and above

9    that, you're satisfied with the factual basis for the

10   plea, is that correct?

11         MR. OLSON:   Yes, Your Honor.

12         THE COURT:   You may step down, sir.

13         THE DEFENDANT:   (Complying).

14         THE COURT:   The Court will order a

15   presentence investigation.   Return date?   They

16   customarily take six weeks, do they, for a PSI --

17         MR. SUTCLIFFE:   Yes, Your Honor.

18         THE COURT:   -- out of custody defendant?

19         Mr. Schoenwetter, what would be six weeks

20   from today's date?

21         THE CLERK:   That would be June -- how about

22   the 5th?

23         THE COURT:   What day of the week is that,

24   Wednesday?

25         THE CLERK:   Wednesday.

1        MR. SUTCLIFFE:  That's a Wednesday, Your

2   Honor.

3        THE COURT:  Is that a viable date, Mr.

4   Sutcliffe?

5        MR. SUTCLIFFE:  It is viable with me, Your

6   Honor.

7        THE COURT:  Any problem with that date, Mr.

8   Olson?

9        MR. OLSON:  None, Your Honor.

10       THE COURT:  Wednesday, June the 5th, 1996.

11       Give the defendant a reminder slip

12   (indicating to the clerk).

13       MR. SUTCLIFFE:  Time, Your Honor?

14       THE COURT:  That will be at 9:00 a.m.

15       Sir, you're ordered back at that time.

16       What's the status of this defendant's release

17   now?

18       MR. SUTCLIFFE:  He's NBR'd, Your Honor.

19       THE COURT:  Any objection to the NBR being

20   continued?

21       MR. OLSON:  No, Your Honor.

22       THE COURT:  So ordered by this Court.

23       Mr. Sutcliffe, advise your client to

24   cooperate with the Department of Court Services in the

25   presentence investigation in every way.

1    MR. SUTCLIFFE:  I will and I have, Your

2    Honor.

3    THE COURT:  And make sure that the referral

4    slip indicates that the issue of restitution is also to

5    be addressed.

6    MR. SUTCLIFFE:  Okay.

7    THE COURT:  If there's any dispute in the

8    area of the issue of restitution, that matter will be

9    referred to the Court and I'll resolve it one way or

10   the other.

11   MR. SUTCLIFFE:  All right.

12   THE COURT:  Anything additional, Mr. Olson?

13   MR. OLSON:  Nothing further, Your Honor.

14   THE COURT:  Anything additional, Mr.

15   Sutcliffe?

16   MR. SUTCLIFFE:  Nothing, Your Honor.

17   THE COURT:  The clerk will take care of the

18   rest of it for you.

19   MR. SUTCLIFFE:  Okay.

20   THE COURT:  The Court will be in recess.

21   (Whereupon, the above proceedings concluded).

22                *   *   *   *   *

23

24

25

```
1   STATE OF MINNESOTA)
                     ) ss        CERTIFICATE
2   COUNTY OF HENNEPIN)

3
            I, LINDA K. RENNER, Court Reporter for the
4
    State of Minnesota, County of Hennepin, hereby certify that
5
    the foregoing is a true and correct transcript, to the best
6
    of my ability, of the proceedings as herein set out.
7

8
                        Linda K. Renner
9                       LINDA K. RENNER
                        Official Court Reporter
10

11

12
                    STATE OF MINNESOTA, COUNTY OF HENNEPIN
13                  I hereby certify this_____ page document
                    to be a true and correct copy of the original
14                  on file and of record in my office.
15                          District Court Administrator
16                  By_____ Deputy
17                                          6/14/11

18

19

20

21

22

23

24

25
```

STATE OF MINNESOTA          **COURT APPROVED FORM**          DISTRICT COURT

COUNTY OF HENNEPIN                                    FOURTH JUDICIAL DISTRICT

State of Minnesota,

                                            )
                          Plaintiff,        )   **PETITION TO ENTER**
                                            )   **PLEA OF GUILTY**
vs.                                         )
                                            )
_William G. Alsaker_                        )   D.C. No. _95047202_
                                            )
                                            )   C.A. No. _____
                          Defendant.        )

TO: THE ABOVE-NAMED DEFENDANT

I, __William G Alsaker__, defendant in the above-entitled action, do respectfully represent and state as follows:

1. My full name is __William Gordon Alsaker__.
I am __22__ years old. My date of birth is __,_ _ _ _ _ _.__ The last grade that I went through in high school is __GED__.

2. I have received, read and discussed with my attorney a copy of the (~~Indictment~~) (Complaint).

3. I understand the charge made against me in this case.

4. Specifically, I understand that I have been charged with the crime(s) of __Cont Sub Crime 2°__, __Sale of Simulated Cont Sub__ committed on or about __May 18__, 19 __95__, in __Hennepin__ County, Minnesota, (and that the crime that I am talking about is __3° Controlled Substance Cr__, which is a lesser degree or lesser included offense of the crime(s) charged).

5. I am represented by an attorney whose name is __Joel W. Sutcliff__, and:

    a. I feel that I have had sufficient time to discuss my case with my attorney.
    b. I am satisfied that my attorney is fully informed as to the facts of this case.
    c. My attorney has discussed possible defenses to the crime(s) that I might have.
    d. I am satisfied that my attorney has represented my interests and has fully advised me.

                                   __William Alsaker__
                                        Defendant

HC 3825 (5-85)                    (1)

6.    I (have) (have never) been a patient in a mental hospital.

7.    I (have) (have not) talked with or been treated by a psychiatrist or other person for a nervous or mental condition.

8.    I (have) (have not) been ill recently.

9.    I (have) (have not) recently been taking pills or medicine.

10.   I (do) (do not) make the claim that I was so drunk or so under the influence of drugs or medicine that I did not know what I was doing at the time of the crime(s).

11.   I (do) (do not) make the claim that I was acting in self-defense or merely protecting myself or others at the time of the crime.

12.   I (do) (do not) make the claim that the fact that I have been held in jail since my arrest and could not post bail caused me to decide to plead guilty in order to get the thing over with rather than waiting for my turn at trial.

13.   I (was) (was not) represented by an attorney when I (had a probable cause hearing). (If I have not had a probable cause hearing).

   a.   I know that I could now move that the complaint against me be dismissed for lack of probable cause and I know that if I do not make such a motion and go ahead with entering my plea of guilty, I waive all right to successfully object to the absence of a probable cause hearing.
   b.   I also know that I waive all right to successfully object to any errors in the probable cause hearing when I enter my plea of guilty.

14.   My attorney has told me and I understand:

   a.   That the prosecution for their case against me has:
        i.    physical evidence obtained as a result of searching for and seizing the evidence;
        ii.   evidence in the form of statements, oral or written, that I made to police or others regarding this crime;
        iii.  evidence discovered as a result of my statements or as a result of the evidence seized in a search;
        iv.   identification evidence from a line-up or photographic identification;
        v.    evidence the prosecution believes indicates that I committed one or more other crimes.
   b.   That I have a right to a pre-trial hearing before a judge to determine whether or not the evidence the prosecution has could be used against me if I went to trial in this case.
   c.   That if I requested such a pre-trial hearing I could testify at the hearing if I wanted to, but my testimony could not be used as substantive evidence against me if I went to trial and could only be used against me if I was charged with the crime of perjury. (Perjury means testifying falsely.)
   d.   That I (do) (do not) now request such a pre-trial hearing and I specifically (do) (do not) now waive my right to have such a pre-trial hearing.
   e.   That whether or not I have had such a hearing, I will not be able to object tomorrow or any other time to the evidence that the prosecutor has.

_____
                Defendant

(2)

15. I have
   a. That if I wished to plead not guilty I am entitled to a trial by a jury of 12 persons and all 12 persons would have to agree I was guilty before the jury could find me guilty.
   b. That if I plead guilty I will not have a trial by either a jury or by a judge without a jury.
   c. That with knowledge of my right to a trial I now waive my right to a trial.

16. I have been told by my attorney and I understand that if I wish to plead not guilty and have a trial by a jury or trial by a judge I would be presumed innocent until my guilt is proven beyond a reasonable doubt.

17. I have been told by my attorney and understand:

   a. That if I wish to plead not guilty and have a trial the prosecutor would be required to have the witnesses testify against me in open court in my presence and that I would have the right, through my attorney, to question these witnesses.
   b. That with knowledge of my right to have the prosecution's witnesses testify in open court in my presence and questioned by my attorney, I now waive this right.

18. I have been told by my attorney and understand:

   a. That if I wish to plead not guilty and have a trial, I would be entitled to require any witnesses that I think are favorable to me to appear and testify at trial.
   b. That with knowledge of my right to require favorable witnesses to appear and testify at trial, I now waive this right.

19. I have been told by my attorney and understand:

   a. That a person who has prior convictions or a prior conviction can be given a longer prison term.
   b. That the maximum penalty that the court could impose for this crime (taking into consideration any prior conviction or convictions) is imprisonment for ____10____ years, and/or a fine of $ _____. That if a minimum sentence is required by statute the court may impose a sentence of imprisonment of not less than _____ months for this crime.
   c. That a person who participates in a crime by intentionally aiding, advising, counseling and conspiring with another person or persons to commit a crime is just as guilty of that crime as the person or persons who are present and participating in the crime when it is actually committed.
   d. That my present probation or parole could be revoked because of the plea of guilty to this crime.

20. I have been told by my attorney and understand:

   a. That my attorney discussed this case with one of the prosecuting attorneys and they agreed that if I entered a plea of guilty, the prosecutor will do the following: (Give substance of the agreement) *Upon plea G to amended charge state will recommend departure to probation & no more local jail time and other conditions the court sees fit to impose*
   b. That if the court does not approve this agreement:

      i. I have an absolute right to then withdraw my plea of guilty and have a trial.
      ii. Any testimony that I have given concerning the guilty plea could not be used against me unless I am charged with the crime of perjury based on that testimony.

_____
Defendant

(3)

21.   That except for the agreement between my attorney and the prosecuting attorney:

    a.    No one -- including my attorney, any police officer, prosecutor, judge or any other person -- has made any promises to me, to any member of my family, to any of my friends or other persons, in order to obtain a plea of guilty from me.

    b.    No one -- including my attorney, any police officer, prosecutor, or any judge or any other person -- has threatened me or any member of my family or my friends or other persons, in order to obtain a plea of guilty from me.

22.   My attorney has told me and I understand that if my plea of guilty is for any reason not accepted by the court, or if I withdraw the plea, with the court's approval, or if the plea is withdrawn by court order on appeal or other review:

    a.    I would then stand trial on the original charge(s) against me, namely (which would include any charges that were dismissed as a result of the plea agreement entered into by my attorney and the prosecuting attorney).

    b.    The prosecution could proceed against me just as if there had been no plea of guilty and no plea agreement.

23.   My attorney has told me and I understand that if my plea of guilty is accepted by the judge I have the right to appeal, but that any appeal or other court action I may take claiming error in the proceedings probably would be useless and a waste of my time and the court's time.

24.   My attorney has told me and I understand that a judge will not accept a plea of guilty from anyone who claims to be innocent.

25.   I now make no claim that I am innocent.

26.   I have been told by my attorney and I understand that if I wish to plead not guilty and have a jury trial:

    a.    That I could testify at trial if I wanted to but could not be forced to testify.

    b.    That if I decided not to testify neither the prosecutor nor the judge could comment on my failure to testify.

    c.    That with knowledge of my right not to testify and that neither the judge nor the prosecutor could comment on my failure to testify at trial I now waive this right and I will tell the judge about the facts of the crime.

27.   My attorney has told me and I understand that if I am not a citizen of the United States, conviction of a crime may result in deportation, exclusion from admission to the U.S.A., or denial of naturalization.

28.   That in view of all the above facts and considerations, I wish to enter a plea of guilty.


Dated this _____25_____ day of _____April_____, 19_96_.


STATE OF MINNESOTA, COUNTY OF HENNEPIN
I hereby certify this_____4_____ page document
to be a true and correct copy of the original
on file and of record in my office.
          Defendant

District Court Administrator

(4)

By _K J Molstad_____ Deputy

6-14-11

State of Minnesota County of **HENNEPIN** **DISTRICT** Court

| OCT | SECTION/Subdivision | U.O.C. | GOC |
|-----|---------------------|--------|-----|
| 1 | §152.022,1(3),3(a) | DE268 | X |
| 2 | §152.022,1(1) | DB268 | X |
| 3 | §152.097,1(c)(ii)4 | DB268 | N |
| 4 | §152.025 | DH248 | N |

| CTY. ATTY. FILE # | CONTROL. AGENCY | CONTROL # |
|-------------------|-----------------|-----------|
| 95-2737 | 0270000 | 95390888 |

| COURT FILE # | DATE RECEIVED |
|--------------|---------------|
| | AUG 1 7 1995 |

☐ if more than 6 counts (see attached)

# Complaint

☐ SUMMONS
☑ WARRANT
☐ ORDER OF DETENTION

# State of Minnesota

PLAINTIFF,

☑ FELONY
☐ GROSS MISDEMEANOR

VS.

95429379

| NAME: first, middle, last | | Date of Birth | SJIS COMPLAINT NUMBER |
|---------------------------|---|---------------|------------------------|
| BILLY JOE CARL WILLINGHAM | 95047228 | | 27-11-8-215152 |
| ~~Counts I, II, III, IV~~ | | | 27-11-9-215153 |
| WILLIAM GORDON ALSAKER | 95047202 | | 27-11-x-215154 |
| ~~Counts I & II~~ | | | 27-11-0-215155 |
| | | | 27-11-1-215156 |
| | | | 27-11-2-215157 |

*original for deft #2*

DEFENDANTS.

## COMPLAINT

*The Complainant, being duly sworn, makes complaint to the above-named Court and states that there is probable cause to believe that the Defendants committed the following offense (s). The Complainant states that the following facts establish PROBABLE CAUSE:*

Complainant Dana Nelson states that he is a Deputy Hennepin County Sheriff and as such has investigated this matter by undercover observations, by interviewing witnesses, and by reviewing all of the files and records of the Hennepin County Sheriff's Office relevant hereto. Such investigation reveals the following:

Complainant, acting in an undercover capacity, made arrangements with a confidential informant to contact by telephone a man known by the factious name of Remey Leboe. By telephone Complainant made arrangements to meet Leboe at a gas station located in the vicinity of 3rd Avenue South and Franklin Avenue in Minneapolis, Hennepin County, Minnesota. Complainant, at approximately 3:00 p.m., on May 18, 1995, met with a man there who identified himself as Leboe and brought with him a second man who was identified only as Billy. Complainant negotiated with Leboe to purchase 50 hits of LSD for $50. Leboe then told Complainant that Complainant should return to that gas station in about 20 minutes and he would send Billy with the drugs. At approximately 3:25 p.m., on May 18, 1995, Complainant again met with Billy at that same gas station at which time Billy handed Complainant a sheet of paper containing 50 hits of LSD and

Complainant gave Billy $50 in cash.

Complainant transported the above described suspected controlled substance to the Minneapolis City Chemist where laboratory analysis indicated that the substance was in fact 50 dosage units of Lysergic Acid Diethylamide.

Complainant again made arrangements by telephone to purchase four sheets of blotter paper containing LSD for $300.  Leboe told Complainant to go to the same gas station where Billy would deliver the drugs.  Shortly before 7:00 p.m., on May 22, 1995, Complainant met with Billy at the gas station at which time Billy handed Complainant four sheets of paper representing it to contain LSD and Complainant paid him $300 in cash.

Complainant transported that suspected controlled substance to the Minneapolis City Chemist where laboratory analysis revealed that the substance was not a controlled substance.

Complainant again made arrangements with Leboe to purchase additional LSD and a quarter pound of marijuana from him and met him for the purpose of making that purchase at the same gas station described above on June 1, 1995, shortly after 4:00 p.m.  The Complainant then drove with Leboe in Complainant's vehicle and during the drive Leboe handed Complainant a large quantity of green leafy substance and a bag containing two pieces of paper which he represented to be LSD.  Complainant then drove to the area of 5th Avenue South and Franklin Avenue East in Minneapolis, Hennepin County, Minnesota, where other officers were waiting and at that point placed Leboe under arrest and identified him as BILLY JOE CARL WILLINGHAM, the Defendant herein.

Complainant obtained a search warrant to search the home of the Defendant WILLINGHAM and in executing that search warrant on June 1, 1995, officers located a man in the Defendant WILLINGHAM's home whom Complainant recognized as Billy, placed him under arrest, and identified him as WILLIAM GORDON ALSAKER, the Defendant herein.  Complainant transported the above described suspected controlled substances received from WILLINGHAM on June 1, to the Minneapolis City Chemist where laboratory analysis indicated that the substance represented to be marijuana was in fact 63.9 grams of marijuana and that the paper represented to be LSD contained no controlled substance.

# O F F E N S E

COUNT I:  CONTROLLED SUBSTANCE CRIME SECOND DEGREE—SALE (FELONY)
MINN. STAT. 1994, §152.022, SUBD. 1(3), SUBD. 3(a); §609.101, SUBD. 3,
§609.05
PENALTY: 0-25 YEARS AND/OR $100,000-$500,000

That on or about May 18, 1995, in Hennepin County, Minnesota, BILLY JOE
CARL WILLINGHAM and WILLIAM GORDON ALSAKER, intentionally aiding,
advising, hiring, counseling, or conspiring with each other, unlawfully
sold, gave away, bartered, delivered, exchanged, distributed, disposed of
to another, offered to sell, agreed to sell, manufactured or possessed
with intent to sell one or more mixtures of a total weight of 50 dosage
units or more containing hallucinogen.

COUNT II:  SALE OF SIMULATED CONTROLLED SUBSTANCE (FELONY)
MINN. STAT. 1994, §152.097, SUBD. 1(c)(ii) AND SUBD. 4; §609.05
PENALTY: 0-3 YEARS AND/OR $20,000

That on or about May 22, 1995, in Hennepin County, Minnesota, BILLY JOE
CARL WILLINGHAM and WILLIAM GORDON ALSAKER, intentionally aiding,
advising, hiring, counseling, or conspiring with each other, knowingly
manufactured, sold, transferred, delivered or attempted to sell, transfer
or deliver an uncontrolled substance and the circumstances were such that
a reasonable person would believe that the substance was a controlled
substance.

COUNT III: SALE OF SIMULATED CONTROLLED SUBSTANCE (FELONY)
MINN. STAT. 1994, §152.097, SUBD. 1(c)(ii) AND SUBD. 4
PENALTY: 0-3 YEARS AND/OR $20,000

That on or about May 22, 1995, in Hennepin County, Minnesota, BILLY JOE
CARL WILLINGHAM knowingly manufactured, sold, transferred, delivered or
attempted to sell, transfer or deliver an uncontrolled substance and and
the circumstances were such that a reasonable person would believe that
the substance was a controlled substance.

| CCT | SECTION/Subdivision | M.O.C. | GOC |
|-----|--------------------|--------|-----|

ADMINISTRATIVE
INFORMATION

PAGE 4 of 5

SJIS COMPLAINT NUMBER(S):

Willingham   27-11-8-215152
Alsaker      27-11-9-215153

COUNT IV: CONTROLLED SUBSTANCE CRIME FIFTH DEGREE-SALE (FELONY)
MINN. STAT. 1994, §152.025, SUBD. 1(1), SUBD. 3(a); §609.101, SUBD. 3
PENALTY: 0-5 YEARS AND/OR $2,000-$10,000

That on or about June 1, 1995, in Hennepin County, Minnesota, BILLY JOE CARL WILLINGHAM sold, gave away, bartered, delivered, exchanged, distributed, disposed of to another, offered to sell, agreed to sell, manufactured or possessed with intent to sell one or more mixtures containing marijuana or Tetrahydrocannabinols.

THEREFORE, Complainant requests that said Defendant, subject to bail or conditions of release be:
  (1)  arrested or that other lawful steps be taken to obtain defendant's appearance in court; or
  (2)  detained, if already in custody, pending further proceedings;
and that said Defendant otherwise be dealt with according to law.

COMPLAINANT'S NAME:

Deputy Dana Nelson

COMPLAINANT'S SIGNATURE:

Being duly authorized to prosecute the offense (s) charged, I hereby approve this Complaint.

DATE:

08/08/95

PROSECUTING ATTORNEY'S SIGNATURE:

PROSECUTING ATTORNEY:

NAME/TITLE:

David A. Olson - mm
ASSISTANT COUNTY ATTORNEY

ADDRESS/TELEPHONE:

C2100 GOVERNMENT CENTER
348-5503/81826

FORM I-2

Rev 3/94

This COMPLAINT was subscribed and sworn to before the undersigned this _____ day of

NAME: _____   SIGNATURE: _____

TITLE: _____

## FINDING OF PROBABLE CAUSE

From the above sworn facts, and any supporting affidavits or supplemental sworn testimony, I, the Issuing Officer, have determined that probable cause exists to support, subject to bail or conditions of release where applicable, Defendant (s) arrest or other lawful steps be taken to obtain Defendant (s) appearance in Court, or his detention, if already in custody, pending further proceedings. The Defendant (s) is/are thereof charged with the above-stated offense.

## SUMMONS

THEREFORE You, THE ABOVE-NAMED DEFENDANT(S), ARE HEREBY SUMMONED to appear on the _____ day of _____ 19 ____ at _____ AM/PM before the above-named court at _____ to answer this complaint.

IF YOU FAIL TO APPEAR in response to this SUMMONS, a WARRANT FOR YOUR ARREST shall be issued.

## WARRANT

☐ EXECUTE IN MINNESOTA ONLY

XX    To the sheriff of the above-named county; or other person authorized to execute this WARRANT; I hereby order, in the name of the State of Minnesota, that the above-named Defendant (s) be apprehended and arrested without delay and brought promptly before the above-named Court (if in session, and if not, before a Judge or Judicial Officer of such Court without unnecessary delay, and in any event not later than 36 hours after the arrest or as soon thereafter as such Judge or Judicial Officer is available) to be dealt with according to law.

## ORDER OF DETENTION

☐    Since the above-named Defendant (s) is/are already in custody: I hereby order; subject to bail or conditions of release, that the above-named Defendant (s) continue to be detained pending further proceedings.

Bail:        $30,000 (each defendant)

Conditions of Release:

This COMPLAINT - XXXXXXXXX, WARRANT, XXXXXXXXXXXXXXXXXXXXXX duly subscribed and sworn to, is issued by the undersigned Judicial Officer this 17 day of August, 1995 .

NAME: M.B. ROSENBAUM          SIGNATURE: Marilyn B Rosenbaum

TITLE: Dist Judge

Sworn testimony has been given before the Judicial Officer by the following witnesses:

STATE OF MINNESOTA   COUNTY of

[ HENNEPIN ]

# State of Minnesota

Plaintiff,

vs.

WILLIAM GORDON ALSAKER,
BILLY JOE CARL WILLINGHAM

Defendant (s)

Clerk's Signature or File Stamp:

## RETURN OF SERVICE

I hereby Certify and Return that I have served a copy of this COMPLAINT - SUMMONS, WARRANT, ORDER OF DETENTION upon the Defendant (s) herein-named.

Signature of Authorized Service Agent: